**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:22-cv-00055-LLK**

DAKOTA R.                                                                                                           PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of the parties are at Doc. 13 and 15. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's findings with respect to the Listing of medical impairments**

Plaintiff claims disability due to bipolar disorder with psychotic features, including auditory hallucinations (hearing voices). [Administrative Record, Doc. 8 at 19]. Plaintiff testified that, after he turned age 22, he began hearing voices approximately three times a day. *Id.* at 55. The ALJ acknowledged that Plaintiff hears voices occasionally and that he suffers from severe, or vocationally significant, bipolar disorder and psychosis. *Id.* at 18. The ALJ found, however, that Plaintiff's mental impairments fall short of the clinical criteria of Listing 12.02 (neurocognitive disorder), Listing 12.04 (depressive, bipolar and related disorders), and/or Listing 12.06 (anxiety and obsessive-compulsive disorder). *Id.*

Listings 12.02, 12.04, and 12.06 have a common structure:  They require that the mental impairment in question satisfy the diagnostic criteria of paragraph A; in addition, they require that that

1

the impairment satisfy either the severity criteria of paragraph B or, alternatively, paragraph C.  Regardless of the mental impairment in question, the paragraph B and C criteria are the same.

For example, Listing 12.02 (one of the impairments the ALJ found Plaintiff's mental impairments do not satisfy) defines disabling neurocognitive disorder as follows:

> 12.02.  Neurocognitive disorders (see 12.00B1), satisfied by A and B, or A and C:
>
> A. Medical documentation of one or more of a significant cognitive decline from a prior level of functioning in one or more of the cognitive areas:
> 1.  Complex attention;
> 2.  Executive function;
> 3.  Learning and memory;
> 4.  Language;
> 5.  Perceptual-motor; or
> 6.  Social cognition.
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Appendix 1, Listing 12.02.

In this case, the ALJ found that Listings 12.02, 12.04, and 12.06 are not satisfied because Plaintiff is only "moderately" limited in each of the four paragraph B areas and because there is a lack of evidence of "marginal adjustment" as contemplated by paragraph C.  [Doc. 8 at 19-20].

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that "the ALJ erred in finding that [he] did not meet or equal Listing 12.03 [schizophrenia spectrum and other psychotic disorders]." [Doc. 13 at PageID.1272].

In this case, the ALJ's written decision does not mention -- much less analyze whether Plaintiff's mental impairments satisfy – Listing 12.03. This constituted reversible error, however, only if there was a "substantial question" as to whether Plaintiff's impairments, in fact, satisfy Listing 12.03. As the Sixth Circuit explained in *Smith-Johnson v. Commissioner*:

> The relevant Social Security regulations require the ALJ to find a claimant disabled if he meets a listing. … Yet, neither the listings nor the Sixth Circuit require the ALJ to address every listing or to discuss listings that the applicant clearly does not meet. The ALJ should discuss the relevant listing, however, where the record raises "a substantial question as to whether [the claimant] could qualify as disabled under a listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990) …
> A claimant must do more than point to evidence on which the ALJ could have based his finding to raise a substantial question as to whether he has satisfied a listing. … Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing. … Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three [of the sequential evaluation process].

*Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432–33 (6th Cir. 2014) (internal citations and quotations eliminated).

In this case, there is no "substantial question" that Plaintiff's impairments satisfy Listing 12.03. Listing 12.03 participates in the same common structure of Listings 12.02, 12.04, and 12.06 discussed above. Specifically, these Listings require satisfaction of the same paragraph B or, alternatively, paragraph C severity criteria. In this case, the ALJ found that Plaintiff is only "moderately" limited in each of the four paragraph B areas and that there is a lack of evidence of "marginal adjustment" as contemplated by paragraph C. [Doc. 8 at 19-20]. Plaintiff cites no persuasive evidence undermining this finding.

In support of his argument, Plaintiff cites to mental health treatment records that indicate he reported auditory hallucinations on certain occasions. [Doc. 13 citing Doc. 8 at 414, 436, 470, 579, 847]. But these records do not prove that Plaintiff has a "marked limitation in his ability to interact with others and to concentrate, persist or maintain pace" (paragraph B) or "marginal adjustment" (paragraph C). *Id.* Plaintiff further cites to his own testimony of having auditory hallucinations three times a day. [Doc. 13

citing Doc. 8 at 55]. But the ALJ was not required to fully credit Plaintiff's testimony for purposes of determining whether his mental impairments satisfy Listing 12.03's severity criteria.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that "the ALJ failed to discuss and consider the side effects from [his] many medications on his ability to work, as required." [Doc. 13 at PageID.1273].

The argument is unpersuasive for two reasons.

First, the argument is insufficiently developed to warrant further consideration by this Court. The ALJ found, among other things, that Plaintiff "can perform no more than simple routine work" and "can persist in attention, concentration, and pace for two-hour intervals necessary to complete simple tasks." [Doc. 8 at 20]. Plaintiff does not point the Court to a single instance in the treatment record of a reported side effect of medication – much less one that would preclude performance of simple, routine tasks. Nor is Plaintiff specific as to which medication allegedly causes what side effect.

Second, Plaintiff is correct that the ALJ's decision does not explicitly mention any "side effect" of medication and that, in determining a claimant's residual functional capacity (RFC), including the limiting effect of subjective symptoms, an ALJ should consider the side effects of prescribed medications. [Docket 13 at PageID.1273 citing 20 C.F.R. § 404.1529(c)(3)(iv) and Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5]. But it does not follow from this that the ALJ did not consider (as opposed to articulate his consideration of) side effects of medication. An ALJ is required to consider the seven factors listed at 20 C.F.R. § 404.1529(c)(3), but there is no requirement that the ALJ discuss each one. *White v. Comm'r*, 572 F.3d 272, 287 (6th Cir. 2009). A judicial disturbance of the Commissioner's final decision is warranted only if there is evidence that consideration of a specific factor would make a difference to the ALJ's ultimate decision. *See Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result."). As noted above, Plaintiff points to no evidence of

side effects of medication that would preclude performance of simple, routine tasks.  Therefore, there is no evidentiary basis for concluding that anything worse that a harmless error occurred.

## ORDER

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 15, 2022

Lanny King, Magistrate Judge
United States District Court